**DAVIS BUCCO & MAKARA**
By:    Paul A. Bucco, Esquire
       David S. Makara, Esquire
Attorney I.D. Nos. 52561, 78241
10 E. 6th Avenue, Suite 100
Conshohocken, PA 19428
(610) 238-0880                                         *Attorneys for Plaintiff*

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION – LAW**

| | | |
|---|---|---|
| HEALY LONG & JEVIN INC.,<br>2000 Rodman Road,<br>Wilmington, Delaware 19805 | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| *Plaintiff,* | : | |
| v. | : | No. |
| | : | |
| CQSA CONSTRUCTION, LLC<br>d/b/a POST GENERAL CONTRACTING, LLC<br>1021 N. Hancock Street, Suite 1,<br>Philadelphia, Pennsylvania 19123 | : <br> : <br> : <br> : | |
| and | : | |
| BKV GROUP DC<br>1054 31st Street NW,<br>Canal Square,<br>Suite 410,<br>Washington, DC  20007 | : <br> : <br> : <br> : | |
| *Defendants.* | : | |

---

## **COMPLAINT**

Plaintiff, Healy Long & Jevin Inc., by and through its undersigned counsel, Davis

Bucco & Makara, complains of the Defendants, CQSA Construction, LLC d/b/a Post General

Contracting, LLC and BKV Group, as follows:

## **THE PARTIES**

1

1.  Plaintiff, Healy Long & Jevin, Inc., (hereinafter "Healy") is a Delaware business corporation with its principal place of business located at 2000 Rodman Road, Wilmington, Delaware 19805.

2.  Defendant CQSA Construction, LLC, d/b/a Post General Contracting, LLC (hereinafter "CQSA") is, upon information and belief, a Pennsylvania limited liability company with its principal place of business located at 1021 N. Hancock Street, Suite 1, Philadelphia, Pennsylvania 19123.

3.  Defendant BKV Group DC (hereinafter "BKV Group") is an architectural design firm providing pre-planning and development services with its principal place of business located at 1054 31st Street NW, Canal Square, Suite 410, Washington, DC 20007.

## JURISDICTION

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

5.  Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

6.  On or about November 19, 2021, Plaintiff and Defendant Post, the general contractor on the project, which is the subject of this claim, entered into a written contract for the performance of certain concrete construction work (hereinafter "Contract") for a project known as the "Broad and Washington," located at 1001-29 South Broad Street and 1301 Washington Avenue, Philadelphia, Pennsylvania. (hereinafter "the Project").  A true and

2

correct copy of the contract is attached hereto, made a part hereof and marked Exhibit "A". The additional Project documents and exhibits referenced in the Contract are too voluminous to attach hereto and are currently in the possession, custody or control of Defendants CQSA, Post, and BKV Group, as well as Healy.

7. Under the terms of the Contract, Post was to pay Healy a stipulated sum of $30,963,764.44 in consideration of the work to be performed by Healy. (See Exhibit "A", Article 10).

8. Additionally, Post explicitly represented to Healy that the Project was to be built according to the Project Schedule.

9. During the course of the Project, certain specified work was added to the scope of Healy's contract by change order and/or direction of Post, which increased the stipulated sum to be paid to Healy in consideration of the work to $34,740,872.36.

10. Healy completed all of its work on the Project on or about December 6, 2024.

11. Upon information and belief, Post assigned all of its rights, title and interest in the Project to Defendant CQSA after the completion of Healy's work.

12. Despite Healy's performance on the Project in accordance with the Project specifications, Post has failed and refused to make full payment of the outstanding balance due Healy under the Contract, which presently amounts to $2,060,319.69.

13. As set forth in further detail below, Healy suffered significant delays to its work on the Project due to certain failures by Post and/or its contractors, subcontractors, and/or other entities performing work on the Project, including management and design issues such as Post's failure to properly sequence and schedule Healy's work and that of other subcontractors, as well as design feasibility issues with BKV's plans and specifications.

14. The Project delays were the result of acts and omissions by Post and/or its agents and/or other entities performing work on the Project on behalf of Post, including but not limited to,

    (a)  Incomplete schedule/inaccurate schedule updates provided by Post;

    (b)  Direction to Healy to perform work out of sequence;

    (c)  Stacking of trades and labor inefficiencies due to Post's failure to properly coordinate subcontractors and suppliers;

    (d)  Labor and material price escalations;

    (e)  Design deficiencies and changes to the design during construction;

    (f)  Work added to Healy's scope of work during construction;

    (g)  Work performed in unscheduled winter conditions;

    (h)  Extended general conditions and home office overhead experienced by Healy;

15. The Project delays were not the result of any act or omission on the part of Healy.

16. The Project delays adversely affected the critical path of the Project, forcing Healy to extend the duration of performance and incur additional costs for: home/office overhead; manpower; project management; tools and equipment; remedies: increased mobilization/remobilization costs; stacking of trades; general inefficiencies; and loss of productivity.

17. The Project delays increased Healy's costs and expenses incurred throughout the Project and impacted the efficiency of Healy's work, such that Healy has incurred delay damages in the amount of $13,948,769.30.

18. Post is liable to Healy for the acts and omissions of its consultants/representatives and all its agents and other entities performing work on the Project on behalf of Post.

### COUNT I
### BREACH OF CONTRACT
*Healy Long & Jevin, Inc. v. CQSA Construction. LLC d/b/a*
*Post General Contracting, LLC*

19. Plaintiff hereby incorporates the foregoing paragraphs of its Complaint as though set forth at length herein.

20.  Healy and Post entered into a legally binding Contract whereby Healy agreed to perform certain work at the Project in exchange for payment from Post as set forth in Exhibit "A".

21. Post had a contractual obligation not to interfere with Healy's progress of work or cause delays to the Project.

22. In reliance upon the express terms of the Contract, Healy arranged to start and complete its work within the timeframe provided by the Project Schedule.

23. Contrary to the express terms of the Contract, Post unilaterally modified and extended the time for the completion of the work, including Healy's work, on the Project.

24. Healy did not consent or request the revised Project Schedule.

25. Post also failed to have the Project site available for work at agreed upon times and/or failed to ensure precursor work to Healy's work was timely completed by the other contractors on the Project, directly causing numerous delays and unanticipated costs to Healy in the completion of its work.

26. Post's acts and omissions constitute a material breach of the written Contract between the parties as they actively interfered with Healy's work on the Project and the Project's overall completion.

27. Healy performed its work on the Project in compliance with its obligations under the Contract in a good and workmanlike manner and in accordance with the Project Specifications and schedule, to the extent it was initially accurate.

28. In compliance with the terms of the Contract, Healy placed Post on notice of delays throughout the project and presented its claim for delays to Post and BKV Group prior to the institution of litigation, and has, in all other respects, satisfied each condition precedent in the Contract for Healy to proceed with litigation.

29. As a direct result of Post's material breach of the contract as set forth above, Post owes Healy a contract balance of $2,060,319.00.

30. As a result of Post's failure to adhere to the terms of the Contract, unilateral modifications of the Project Schedule, and overall mismanagement of the Project, Healy also incurred delay damages of approximately $13,948,769.30.

31. In compliance with the terms of the Contract, Healy submitted Payment Applications related to the Contract.  A true and correct copy of the last four (4) Payment Applications collectively are attached hereto, made a part hereof and marked Exhibit "B".[1]

32. To date, despite demands for payment, Post has failed and refused to comply with its contractual obligation to fully compensate Healy for the work defined in the Contract and in the last four (4) Payment Applications.

---

[1] All prior payment applications are in the possession of both Post and BKV.

33. To date, Post has failed/refused to compensate Healy for its increased additional unanticipated costs that are a direct result of the extensive delays caused by Post.

34. Post acted in bad faith by arbitrarily and vexatiously withholding payment to Healy on the outstanding payment applications.

35. Post further acted in bad faith by arbitrarily and vexatiously refusing to place Healy on notice as to why it refused to pay Healy for work performed, and why it continues to withhold payment.

**WHEREFORE**, Plaintiff, Healy Long & Jevin, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, and award damages in excess of $150,000.00, together with costs, attorneys' fees, interest and such other relief that this Court deems just and proper.

## COUNT II
### UNJUST ENRICHMENT *(IN THE ALTERNATIVE)*
*Healy Long & Jevin, Inc. v. CQSA Construction. LLC d/b/a*
*Post General Contracting, LLC*

36. Plaintiff hereby incorporates the foregoing paragraphs of its Complaint as if set forth at length herein.

37. As set forth above, Healy performed the work and provided services and materials for the Project in compliance with its obligations under the Contract, with the reasonable expectation that it would be fairly compensated for the labor and materials provided.

38. As set forth above, Healy performed the work and provided services and materials for the Project in a good and workmanlike manner and in accordance with the Project Specifications.

39. The reasonable and fair value of services rendered by Healy and unpaid by Post under the Contract is $2,060,319.69.

40. Further, Project delays outside Healy's control required Healy to perform and provide services and material beyond that which its original obligations under the terms of the Contract, causing Healy to incur additional costs and damages of approximately $13,948,769.30.

41. Post accepted the benefit of those services and materials performed and provided by Healy yet failed to make proper payment to Healy consistent with the Contract.

42. Post's retention of those benefits, without adequately compensating Healy for the labor and materials provided, is unjust and inequitable to Healy.

43. Healy has complied with all of its contractual obligations which are conditions precedent to its right to recover delay damages.

44. Post has no good faith basis for failing to make payment to Healy for the delays that were outside Healy's control.

**WHEREFORE**, Plaintiff, Healy Long & Jevin, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, and award damages in excess of $150,000.00, together with costs, attorneys' fees, interest and such other relief that this Court deems just and proper.

**COUNT III**
**VIOLATION OF THE PENNSYLVANIA CONTRACTOR AND**
**SUBCONTRACTOR PAYMENT ACT (CASPA), 73 P.S. § 501 ET SEQ.**
*Healy Long & Jevin, Inc. v. CQSA Construction. LLC d/b/a*
*Post General Contracting, LLC*

45.	Plaintiff hereby incorporates by reference all preceding paragraphs of its Complaint as though fully set forth at length herein.

8

46.  Post's breach of its contract with Plaintiff and failure to pay for the work performed constitutes a violation of the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. §501 *et seq*.

47. Specifically, Post's failure and ultimate refusal to make payment to Healy in the amount agreed upon for the work and materials, which is currently due to Healy, constitutes a violation of the Act.

48. Post's failure to pay Healy is in bad faith as Post has no just cause for its failure to pay Healy.

49. Under the terms of the Pennsylvania Contractor and Subcontractor Payment Act, Healy is entitled to judgment against Defendants in the amount due to Healy by Defendant under the terms of the Contract, along with interest at the rate of 1% per month, penalties, and attorney's fees incurred in the prosecution of this action.

**WHEREFORE**, Plaintiff, Healy Long & Jevin, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendant, Post Brothers General Contractor, LLC and CQSA, and award damages in excess of $150,000.00, together with costs, attorneys' fees, interest and such other relief that this Court deems just and proper.

**COUNT IV**
**NEGLIGENT MISREPRESENTATION**
under *Bilt-Rite/Restatement of Torts (Second) Section 552*
Healy Long & Jevin, Inc. v. BKV Group

50. Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

51.  Defendant, BKV Group, was the architect of record and design professional and/or held itself out as the architect and/or designer on the Project responsible for providing design plans for the Project.

9

52. In supplying design plans, specifications, and other information to Post, BKV Group represented that the design plans and specifications were free from deficiencies and defects and sufficient to permit construction in accordance with all relevant laws, regulations, codes, and industry standards.

53. Contractors and Sub-contractors working on the Project were required to adhere to BKV Group's design plans and specifications.

54. Healy relied on Defendant's representations as set forth in the plans and specifications in performing its concrete construction work on the Project.

55. The design plans were deficient, causing delays, additional costs, and damages to Healy.

56. Pursuant to Restatement (Second) of Torts, Section 522; *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 480, 866 A.2d 270, 286 (Pa. 2005), a professional architecture firm like BKV Group is in the business of supplying information for the guidance of others.

57. BKV Group supplied Post with the design plans, specifications, and other information pursuant to a transaction in which Healy had a pecuniary interest (See ¶5, above).

58. BKV Group had a duty to exercise due care to produce complete and accurate designs that comply with all relevant laws, regulations, codes, and industry standards.

59. Under *Bilt-Rite* and Section 522 of the Restatement, in supplying design plans, specifications, and other information to Post, BKV Group represented that the design plans and specifications were free from deficiencies and defects and sufficient to permit construction in accordance with all relevant laws, regulations, codes, and industry standards.

60. BKV Group supplied Post the design plans, specifications, and other information pursuant to a transaction in which Healy had a pecuniary interest

61. Healy justifiably relied upon BKV Group's representations with respect to the design plans and specifications being correct, complete, and free from defects or deficiencies.

62. BKV Group breached its duty of care by failing to exercise reasonable care to ensure its design plans, specifications, and/or other information, were accurate and in accordance with applicable laws and regulations.

63. BKV Group knew, or should have known, the design plans, specifications, and/or other information it provided were false, incomplete, deficient, and/or defective.

64. As a direct and proximate result of BKV Group's negligent misrepresentations and defective designs for the Project, Healy has suffered damages in excess of $150,000.00.

65. Thus, BKV Group is liable to Plaintiff for negligent misrepresentations with respect to the design plans and specifications being correct, complete, and free from defects or deficiencies, pursuant to the Restatement (Second) of Torts, Section 552, and as elucidated in *Bilt-Rite Contractors, Inc. v. The Architectural Studio*.

**WHEREFORE**, Plaintiff, Healy Long & Jevin, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Defendants, BKV Group DC, and award damages in excess of $150,000.00, together with costs, attorneys' fees, interest and such other relief that this Court deems just and proper.

Respectfully Submitted,

**DAVIS BUCCO & MAKARA**


By:     *David S. Makara*
        DAVID S. MAKARA, ESQUIRE
        Attorney for Plaintiff


Date: June 19, 2025