IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEALY LONG & JEVIN, INC.,** *Plaintiff,* <br><br> v. <br><br> **CQSA CONSTRUCTION, LLC d/b/a POST GENERAL CONTRACTING, LLC. and BKV GROUP DC,** *Defendants.* | **CIVIL ACTION** <br> **NO. 25-3156** |

**Baylson, J.**                                                                                                           **November 18, 2025**

### MEMORANDUM RE: MOTION TO DISMISS

Plaintiff Healy Long & Jevin, Inc. ("Healy"), a construction company, brings claims for breach of contract, unjust enrichment, negligent misrepresentation, and violation of the Pennsylvania Contractor and Subcontractor Payment Act ("CASPA") against Defendants CQSA Construction, LLC ("CQSA"), doing business as Post General Contracting, LLC ("Post"), and BKV Group DC following work on a construction project. For the reasons below, CQSA's Motion to Dismiss is **DENIED**.

**I.       FACTUAL ALLEGATIONS**[1]

On November 19, 2021, Healy and Post[2] entered a written contract to perform construction work (hereinafter "Contract") for a project located at 1001-29 South Broad Street and 1301 Washington Avenue, Philadelphia, Pennsylvania (the "Project"). Compl. ¶ 6, ECF 1. Post was the Project's general contractor. Id.

---

[1] For purposes of this Motion, the Court accepts as true all factual allegations in the Complaint. Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020).

[2] Healy alleges that Post entered the Contract and later assigned its rights, title, and interest in the Project to CQSA after the completion of Healy's work. Compl. ¶ 11, ECF 1.

Throughout the Project, Post represented to Healy that the Project should follow the Project Schedule. Id. ¶ 8. However, Healy experienced significant delays caused by Post and its agents, id. ¶¶ 13–14, which disrupted the Project, extended Healy's performance period, and reduced efficiency—resulting in damages of $13,948,769.30. Id. ¶¶ 16–17. Moreover, despite Healy's performance, Post has refused to pay Healy the Contract's outstanding balance. Id. ¶ 12.

## II.   PROCEDURAL HISTORY

On June 20, 2025, Healy filed a Complaint asserting claims for breach of contract, unjust enrichment, and violation of the CASPA against CQSA, and a claim for negligent misrepresentation against BKV. Compl., ECF 1. On July 11, 2025, CQSA filed a motion to dismiss (the "Motion") under Fed. R. Civ. P. 12(b)(6) arguing that Healy failed to satisfy the Contract's condition precedent requiring mediation before initiating the lawsuit. ECF 4. On July 25, 2025, Healy filed a response in opposition to CQSA's Motion. ECF 7. On August 1, 2025, CQSA filed a reply in further support of its motion. ECF 10.

## III.  STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009) (citing Twombly, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," id. at 678 (citation omitted). Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that

[the plaintiff] can prove facts that it has not alleged[,]" Twombly, 550 U.S. at 563 n.8 (quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983)).

### IV. DISCUSSION

#### A. Parties' Contentions

Neither party disputes the Contract's validity. Rather, CQSA asserts that "Healy failed to satisfy the condition precedent requiring mediation before initiating the lawsuit," and thus dismissal is appropriate. ECF 4 at 1. However, Healy argues that dismissal is not required because Healy did comply with the Contract and underwent mediation, which reached an impasse before this case was filed. ECF 7-1 at 4–6.

Healy asserts that on February 20, 2025, it submitted a formal demand for mediation with all required submissions. ECF 7-1 at 4–5. On March 10, 2025, a mediator was appointed, and the mediator was accepted by both parties. Id. at 5. On April 8, 2025, Healy submitted a Statement of Claim and CQSA denied liability. Id. On June 17, 2025, after communications between the parties and mediator, the mediator formally advised all parties that mediation was no longer viable because the parties had reached an impasse. Id. After the mediator's declaration, Healy initiated litigation. Id.

On the other hand, CQSA argues that a mediation was scheduled for July 8, 2025, and that the parties had no substantive settlement discussions, did not exchange proposals, that Healy did not make a good faith effort to engage in the process, and that the mediation never occurred. ECF 10 at 1. CQSA states that it followed the mediation schedule including by responding to the statement of claim and serving document requests, but that Healy failed to meet the discovery deadline and did not serve any discovery requests. Id. at 4. CQSA asserts that Healy had an ex parte discussion with the mediator, after which the mediator improperly declared an impasse. Id. at 2.

**B. Mediation Is Not a Condition Precedent to Filing Suit**

The Contract attached as Exhibit A to the Complaint states,

> The parties shall endeavor to resolve their Claims by mediation . . . . A request for mediation shall be made in writing, delivered to the other party to the Contract, and filed with the person of entity administering the mediation. The request may be made concurrently with the filing of binding dispute resolution proceedings but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing . . . .

Compl. Ex. A § 15.3.2, ECF 1-3. The plain language of the Contract indicates the clear intention of the parties that a request for mediation be made, but that the request may be made concurrently with the filing of a lawsuit, and that if that happens, mediation shall proceed in advance of the lawsuit's proceeds, which shall be stayed for 60 days. Id. .[3] This language contrasts with other cases where courts have dismissed cases after finding that mediation was a condition precedent to litigation based on contractual language. See, e.g., McDonough v. Algorithm, Inc., 2024 WL 3691610, at *1 (W.D. Pa. Aug. 7, 2024) (finding mediation clause was condition precedent where it stated that party could proceed with litigation "only if a reasonable attempt at mediation is unsuccessful"); Brackenridge Constr. Co., Inc. v. Home Depot USA, Inc., 2009 WL 10690027, at *3 (W.D. Pa. July 22, 2009) (same). By contrast, the Contract's language states that a "request may be made *concurrently* with the filing of court proceedings" and does not indicate that litigation can proceed only if the mediation is unsuccessful. Compl. Ex. A § 15.3.2, ECF 1-3 (emphasis

---

[3] This language contrasts with other cases where courts have dismissed cases after finding that mediation was a condition precedent to litigation based on contractual language. See, e.g., McDonough v. Algorithm, Inc., 2024 WL 3691610, at *1 (W.D. Pa. Aug. 7, 2024) (finding mediation clause was condition precedent where it stated that party could proceed with litigation "only if a reasonable attempt at mediation is unsuccessful"); Brackenridge Constr. Co., Inc. v. Home Depot USA, Inc., 2009 WL 10690027, at *3 (W.D. Pa. July 22, 2009) (same). By contrast, the Contract's language states that a "request may be made *concurrently* with the filing of court proceedings" and does not indicate that litigation can proceed only if the mediation is unsuccessful. Compl. Ex. A § 15.3.2, ECF 1-3 (emphasis added).

added). Moreover, the plain language of the Contract mandates that the parties "endeavor to resolve their Claims by mediation," but does not mandate that litigation can only be pursued once mediation is deemed unsuccessful. Id. As such, mediation is not a condition precedent to this lawsuit and dismissal is not an appropriate remedy.

### C. Defendant Relies on Facts Not Properly Before the Court

Even if satisfaction of the mediation clause were a condition precedent to initiating litigation, the issue of whether the parties engaged in mediation in good faith is not properly before the Court at the motion to dismiss phase. CQSA cites Palcko v. Airborne Express, Inc. for the proposition that that the Third Circuit's "prior decisions support the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted." 372 F.3d 588, 597 (3d Cir. 2004) (citing Nationwide Ins. Co. v. Patterson, 953 F.2d 44, 45 n. 1 (3d Cir.1991)). However, following Palcko, the Third Circuit has also instructed that a "court decides a motion to compel arbitration under the same standard it applies to a motion for summary judgment." Vilches v. The Travelers Companies, Inc., 413 Fed.Appx. 487, 490 (3d Cir.2011) (internal quotation marks omitted). Under the summary judgment standard, "[t]he party opposing arbitration is given the benefit of all reasonable doubts and inferences that may arise." Kaneff v. Del. Title Loans, Inc., 587 F.3d 616, 620 (3d Cir.2009).

The use of the two different standards can be reconciled in the context of arbitration. The Federal Arbitration Act (FAA) explicitly instructed courts to "hear the parties" and compel arbitration if "the making of the agreement for arbitration is not in issue." See 9 U.S.C. § 4.[4] In

---

[4] "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.... If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4

applying the FAA, courts are only confronted with two types of issues: "first, when there is a threshold dispute over 'whether the parties have a valid arbitration agreement at all,' and, second, when the parties are in dispute as to 'whether a concededly binding arbitration clause applies to a certain type of controversy.'" Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 178 (3d Cir. 2010) (quoting Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003)).  In cases where "it appears from the face of a complaint, and documents relied upon in the complaint, that certain of its claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." Somerset Consulting, LLC v. United Cap. Lenders, LLC, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011).  But if a plaintiff's complaint does not contain "the requisite clarity on" the validity of an arbitration clause "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on this question." Id.  Here, there is no dispute about the validity of the contractual provision where the parties agreed to "endeavor to resolve their Claims by mediation[.]" Compl. Ex. A § 15.3.2, ECF 1-3.  Instead, the parties disagree about the adequacy of their mediation efforts, asserting facts and documents not subject to judicial notice.

      Taking the time to conduct limited discovery at the pleadings stage over the narrow issue of whether a valid agreement to arbitrate exists makes sense for two reasons that do not exist in the context of mediation.  First, the FAA has established "a strong federal policy in favor of the resolution of disputes through arbitration." Nino v. Jewelry Exch., Inc., 609 F.3d 191, 200 (3d Cir. 2010) (citing Puleo, 605 at 178) (quotation omitted).  No similar federal policy instructs courts to favor mediation.  Second, the presumption in favor of arbitration "reflects courts' acknowledgment that the arbitral process often exceeds the judicial process in speed, efficiency, and inexpense [sic]." Rudolph v. Alamo Rent A Car, Inc., 952 F. Supp. 311, 317 (E.D. Va. 1997).

Indeed, arbitration is a "quasi-judicial proceeding with hearings, notice of hearings, oaths of witnesses and constitutes a final settlement of the dispute between the parties." Northeast Fin. Corp. v. Ins. Co. of N. Am., 757 F. Supp. 381, 384 (D. Del. 1991). Conversely, "mediation is a non-binding dispute resolution technique" that requires "confidence and trust so that the parties can honestly and openly discuss the strengths and weaknesses of their positions in an attempt to reach a voluntarily settlement." Sheldone v. Pennsylvania Tpk. Comm'n, 104 F. Supp. 2d 511, 516 (W.D. Pa. 2000), aff'd (Aug. 8, 2000). Though mediation can resolve disputes more efficiently and with less expense than the judicial process, these conditions only exist when the parties are willing to reach an agreement. Therefore, engaging in discovery early in the litigation process to resolve allegations of bad faith mediation would, at best, expend fact-finding resources only to result in a court order forcing parties to engage in further mediation when one side is resisting cooperation, causing needless delay. A mandatory mediation clause like the one CQSA argues exists in this case does not have the same qualities of finality and efficiency as a binding arbitration clause.

Nevertheless, some lower courts have cited Palcko as a basis for dismissing cases under the Rule 12(b)(6) standard for failure to mediate. See e.g., McDonough, 2024 WL 3691610 at *1; Brackenridge, 2009 WL 10690027 at *3. Unlike the instant case, those cases did not involve a factual dispute about whether mediation occurred, and it was clear, from the face of the complaints and the documents attached to the complaints, that the claims were subject to a binding mediation clause. McDonough, 2024 WL 3691610 at *2 (dismissing case because the mediation clause was mandatory and not barred by Pennsylvania labor law); Brackenridge, 2009 WL 10690027 at *3 (finding a combined arbitration and mediation clause was mandatory and dismissing the case for failure to submit claims to mediation). CQSA cites to no case, and the Court knows of none, where

7

district courts have resolved a factual dispute at the motion to dismiss stage about whether the *manner* of mediation was sufficient.

CQSA does not contend that allegations in the Complaint fail to state a plausible claim for relief. Instead CQSA asks the Court to accept as true its assertion—contested by Healy—that "the mediator never performed the fundamental work of a mediator" and Healy's conduct was "calculated to avoid mediation," and dismiss the case on that basis. ECF 10 at 5, 7. This approach runs contrary to the Rule 12(b)(6) standard. Under Rule 12(b)(6), courts may "consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016) (quoting Fed. R. Civ. P. 12(d)). In that case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. (quoting Fed. R. Civ. P. 12(d)).

Even if the Court were to convert CQSA's Motion to Dismiss into a motion for summary judgment—which the Court declines to do—it is apparent from the current record that the motion would fail. CQSA does not advance an undisputed record to support a finding that the mediation clause was violated. The clause states "mediation shall proceed in advance of binding dispute resolution proceedings." Compl. Ex. A § 15.3.2, ECF 1-3. The Complaint before this Court was not filed until June 20, 2025. ECF 1. The record reflects that Healy submitted a formal demand for mediation on February 20, 2025. ECF 7-1 at 4–5. A mediator was then approved and appointed, Healy submitted its Statement of Claim, and CQSA responded. Id. Both parties discussed their positions with the mediator, and by June 17, 2025, the mediator declared an

8

impasse. Id. See also ECF 10 at 4–5. When CQSA responded, telling the mediator "[w]e can't be at an impasse because we have not yet mediated the parties' disputes," the mediator replied, explaining that she does "not declare impasse lightly or without due consideration" and after "several conversations with you as well as counsel for Healy Long" she determined "Healy Long does not want to continue mediation efforts," "both parties are millions of dollars apart," and while "[i]t may be simply a matter of timing when mediation would be more productive - in my assessment, that time is not now." ECF 7-9 at 2; see also ECF 10-4 at 2–5. Neither party disputes that Healy initiated and participated in mediation to some extent. The crux of the parties' dispute is whether the apparent mediation attempt was sufficient under § 15.3.2 of the Contract. The relevant facts underlying this dispute are not for the Court to adjudicate at this stage. CQSA's allegations about Healy's lack of good faith or procedural misconduct during the mediation process may support a breach-of-contract counterclaim, but not dismissal because the relevant facts are not apparent on the face of the Complaint or attached documents.

In sum, the mediation clause at issue is not a condition precedent to initiating litigation and therefore the case shall not be dismissed on that basis. Even if mediation were a condition precedent, the Court declines to engage in summary judgment proceedings to resolve the question of whether mediation was adequate, because there is a disputed factual record, opening discovery at this stage would be improper under Rule 12(b)(6), and converting the Motion to Dismiss to a motion for summary judgment would contravene judicial economy.

Nevertheless, while dismissal is improper, the plain language of the Contract contemplates attempting to resolve the contractual dispute via mediation. Compl. Ex. A § 15.3.2, ECF 1-3 ("The parties shall endeavor to resolve their Claims by mediation … [.] … The request [for mediation] may be made concurrently with the filing of binding dispute resolution proceedings but, in such

event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending mediation for a period of 60 days from the filing, unless stayed for a longer period by agreement … or court order."). Because the parties agreed to engage in mediation and because the Court makes no factual finding as to the adequacy or legitimacy of mediation attempted thus far, the Court will stay the case to allow the parties to engage in mediation.

V.    **CONCLUSION**

For the reasons stated above, CQSA's Motion to Dismiss is **DENIED**. Although the Court denies the Motion, the parties shall, with their counsel, promptly discuss proceeding with mediation within 30 days with a new mediator as contemplated by the Contract. If the parties are unable to agree on a new mediator, the parties must file a status report with the Court within 21 days of the accompanying Order. Upon selection of a mediator, the Court will stay the case for a minimum of 60 days to allow the parties to focus on mediation. The mediation fee shall be split equally between the parties. An appropriate order follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 25\25-3156 Healy Long & Jervin, Inc. v. CQSA Construction et al\25-3156 Memo on MTD [4].docx